IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC DOUGLAS JOHNSON, #57709-177 | § § § | |
| Movant, | § § | No. 3:20-cv-03439-N (BT) |
| v. | § § | No. 3:18-cr-00460-N-14 |
| UNITED STATES of AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Eric Douglas Johnson, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Johnson's § 2255 motion.

I.

Johnson pleaded guilty to conspiracy to possess with intent to distribute and distribution of a Schedule II controlled substance in violation of 21 U.S.C. § 846. On August 26, 2019, the District Court sentenced him to 140 months' imprisonment. Johnson appealed to the Fifth Circuit Court of Appeals. On appeal, his appellate attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632

F.3d 229 (5th Cir. 2011). The Fifth Circuit Court of Appeals concurred with Johnson's appellate attorney's assessment that the appeal presented no nonfrivolous issues for appellate review. On May 1, 2020, the Fifth Circuit dismissed Johnson's appeal. *See United States v. Johnson*, 803 F. App'x 775 (5th Cir. 2020) (per curiam).

Johnson then filed this § 2255 motion (CV ECF No. 1) and a memorandum in support (CV ECF No. 2).[1] In two general grounds for relief, he argues:

> (1) His appointed trial attorney provided ineffective assistance of counsel when he
>
> a. failed to object to hearsay testimony provided by two confidential sources, "CS1" and "CS2," that was used by the Court to determine drug quantity at sentencing, and
>
> b. failed to "exercise the Confrontation Clause" relating to those two confidential sources.

Mem. 12 (CV ECF No. 2). The Government responds that Johnson has failed to show that his trial attorney provided deficient performance with respect to both claims. The Government concludes that Johnson's motion is meritless and should be denied. Johnson filed a reply. His claims are fully-briefed and ripe for determination.

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CV ECF" refers to this civil action, case number 3:20-cv-03439-N-BT, and "CR ECF" refers to the underlying criminal action, case number 3:18-cr-00460-N-14.

II.

To prevail on his claim of ineffective assistance of counsel, Johnson must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if Johnson proves his counsel's performance was deficient, he must still prove prejudice. To demonstrate prejudice, he must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Here, Johnson's ineffective assistance of counsel claims fail under *Strickland*.

A.

Johnson argues that his trial attorney provided ineffective assistance of counsel when he failed to object to hearsay testimony provided by two confidential informants, "CS1" and CS2," that he claims was relied upon in the Presentence Report (PSR) and PSR Addendum. Mem. 7 (CV ECF No. 2). He further argues that the hearsay testimony from CS1 and CS2 "lacked factual validity [sic]," and he informed his attorney of this issue. *Id.* at 7-8. Johnson concludes that the Court used the hearsay testimony from CS1 and CS2 to determine his drug quantity, and it led to a "substantially increase[d]" sentence. *Id.* at 7.

"The district court has 'wide discretion in the kind and source of information it considers' at sentencing." *United States v. Meza*, 843 F. App'x 592, 596 (5th Cir 2021) (per curiam) (quoting *United States v. Young*, 981 F.2d 180, 185 (5th Cir. 1992) (citation and alteration omitted)); *see also United States v. Garcia*, 693 F.2d 412, 416 (5th Cir. 1982). The district court is not limited to admitting information that is admissible under the Federal Rules of Evidence. *Meza*, 981 F.2d at 596; *see also United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996); *Young*, 981 F.2d at 185. Rather, the information is admissible at sentencing if it "has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a); *see also Young*, 981 F.2d at 185. The district court has "significant discretion" when evaluating the reliability of the evidence it considers. *Young*, 981 F.2d at 185.

4

The evidence admitted at sentencing need only be "reasonably reliable." *United States v. Malone*, 828 F.3d 331, 337 (5th Cir. 2016). When the district court relies on information contained in the PSR, "[t]he defendant bears the burden of demonstrating that information the district court relied on in sentencing is materially untrue." *Young*, 981 F.2d at 185 (quoting *United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991)).

Hearsay may be "sufficiently reliable" for admission at sentencing. *See Gaytan*, 74 F.3d at 558; *see also* U.S.S.G. § 6A1.3(a) (the information must have "sufficient indicia of reliability to support its probable accuracy"). Thus, any objection to CS1 and CS2's statements on the basis that they were hearsay would have been overruled as meritless. Johnson cannot demonstrate that his attorney's performance was deficient for failing to make a meritless objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) ("[F]ailure to assert a meritless objection cannot be grounds for a finding of deficient performance."); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."). Even if Johnson could show that his attorney's performance was deficient, he cannot show prejudice. *See Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir.2006) (an argument that counsel failed to raise a meritless objection does not satisfy the prejudice prong of *Strickland* because the failure to make a meritless objection does not impact

5

the outcome of the proceedings); *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir.1999) (same).

To the extent that Johnson argues that his attorney should have objected to the admission of CS1 and Cs2's statements because they did not have a "sufficient indicia of reliability" under U.S.S.G. § 6A1.3(a), his argument fails under both prongs of the *Strickland* standard. "[U]ncorroborated hearsay evidence may be sufficiently reliable" for admission at sentencing. *Gaytan*, 74 F.3d at 558 (citing U.S.S.G. § 6A1.3(a)). And out-of-court declarations by an unidentified informant may be admissible where there is "good cause" for the non-disclosure of an informant's identity and sufficient corroboration by other means. *Meza*, 843 F. App'x at 596 (citing U.S.S.G. § 6A1.3, comm.). Johnson does not argue that the Court did not have "good cause" for failing to disclose the confidential sources' identities. Rather, he argues that his attorney should have argued that CS1 and CS2's statements regarding the quantity of drugs they received from him were not sufficiently corroborated, as they lacked supporting "physical evidence" and "factual validity." Mem. 7-8 (CV ECF No. 2).

At sentencing, the drug quantity calculated need not be limited to the drug quantities seized. *United States v. Medina*, 161 F.3d 867, 876 (5th Cir. 1998) (citing U.S.S.G. § 2D1.1, comment (n.12) (providing that the quantity of drugs can be estimated when there is no drug seizure, or the quantity of

6

drugs seized does not reflect the scale of the offense)). Instead, the district court can estimate the drug quantity. *Id.* On appeal, the appellate court reviews the district court's drug quantity determinations under a deferential "clear error" standard of review. *Id.* (citing *United States v. Kelley*, 140 F.3d 596, 609 (5th Cir. 1998)).

Johnson makes the conclusory assertion that CS1 and CS2's statements "lacked factual validity," but he fails to cite to any record evidence or otherwise demonstrate that the drug quantity determinations CS1 and CS2 reported to have received from Johnson were inaccurate. Mem. 7 (CV ECF No. 2). A district court can rely on facts contained in the PSR. *See United States v. Zuniga*, 720 F.3d 587, 591–92 (5th Cir.2013) (the district court relied on facts from the PSR that were based on two co-conspirators' detailed and consistent statements); *see also United States v. Gentry*, 638 F. App'x 415 (5th Cir. 2016) (per curiam). Even when statements provided by the defendant's co-conspirators are not corroborated by physical evidence, the statements are not inherently unreliable. *Gentry*, 638 F. Appx. at 415 (citing *United States v. Gomez-Alvarez*, 781 F.3d 787, 796 (5th Cir. 2015)). The district court can adopt the facts contained in the PSR without additional inquiry when the facts have an adequate evidentiary basis, and the defendant fails to present rebuttal evidence. *Medina*, 161 F.3d at 876-77 (citing *United States v. Alford*, 142 F.3d 825, 832 (5th Cir. 1998)).

The statements provided by CS1 and CS2 are consistent with and corroborated by other evidence found in the record. For example, the record includes the following relevant evidence:

(1) The drug amounts supplied to coconspirators Gabriel Vega and Ricardo Ruiz in one transaction was one ounce of cocaine and one ounce of cocaine base. That information is consistent with the quantities CS1 and CS2 said Johnson supplied to them in a transaction. (PSR ¶ 40; CR ECF No. 343 at 2-3; CR ECF No. 359-1 at 2-3.)

(2) Johnson received 224 grams from a supplier in a single transaction on July 30, 2018, and this is consistent with the amounts he supplied to CS1 and CS2 in one transaction. (PSR ¶ 20; CR ECF No. 359-1 at 3.)

(3) The 98.156 grams of cocaine seized from Johnson's home in September 2018 was consistent with the amounts he supplied to CS1 and CS2 in one transaction. (CR ECF No. 343 at 4; CR ECF No. 359-1 at 3.); and

(4) On the day of Johnson's arrest, September 19, 2018, more than $6,632 in admitted drug proceeds was seized from his home. Johnson had not been legitimately employed in over ten years, and he conceded that he was involved in drug-trafficking and earned an income "in the streets." (PSR ¶¶ 36, 99; CR ECF No. 359-1 at 3.) This was all consistent with CS1 and CS2's statements that Johnson had been supplying them with cocaine on a weekly or biweekly basis for two years.

CS1 and CS2's statements are consistent with the record, and any objection by his attorney at sentencing that their statements "lacked factual validity" would have been overruled as meritless. *See United States v. Rodgers*, 1 F.3d 341, 343-44 (5th Cir. 1993) (upholding the district court's reliance on drug quantity information from confidential informants, where there was no corroboration, but the investigation corroborated many other

details of the drug scheme); *see also United States v. Kelley,* 140 F.3d 596, 609 (5th Cir. 1998). Therefore, Johnson fails to demonstrate that his attorney's performance was deficient by failing to object, or that he was prejudiced by the failure to object. *See Parr,* 472 F.3d at 256; *Kimler,* 167 F.3d at 893.

B.

Johnson further argues that his trial attorney failed to "exercise the Confrontation Clause." Mem. 12 (CV ECF No. 2). More specifically, Johnson contends that he had the right to "confront" the "hearsay testimony" contained in the PSR Addendum, but his attorney failed to exercise this right. *Id.* at 12-13. Johnson concludes that the hearsay testimony "lacked credibility," and this opened the door for his attorney to "dismantle" the PSR Addendum and obtain a more favorable outcome for Johnson. *Id.* at 14.

"At sentencing, a district court may consider any information, including hearsay, that bears sufficient indicia of reliability to support its probable accuracy, and a defendant's confrontation rights at sentencing are severely restricted." *United States v. Marquez-Rendon,* 405 F. App'x 898, 901 (5th Cir. 2010) (per curiam) (citing *United States v. Ramirez,* 271 F.3d 611, 612–13 (5th Cir.2001)); *see also United States v. Rodriquez,* 897 F.2d 1324, 1328 (5th Cir. 1990); *United States v. Vittek,* 228 F. App'x 469, 476 (5th Cir. 2007) (per curiam). The PSR is deemed reliable and may be considered by the district court. *Marquez-Rendon,* 405 F. App'x at 901

(citing *Ramirez*, 271 F.3d at 612-13). There is no violation of the Confrontation Clause under *Crawford v. Washington*, 541 U.S. 36 (2004), when hearsay testimony is used at sentencing. *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006).

An objection on the basis that the Court's use of CS1 and CS2's statements at sentencing violated Johnson's constitutional rights to confrontation would have been meritless. Accordingly, Johnson cannot show that his attorney's failure to raise this meritless objection amounted to deficient performance, or that he was prejudiced. *See Parr*, 472 F.3d at 256; *Kimler*, 167 F.3d at 893.

### III.

The District Court should DENY Johnson's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed October 20, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)